# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Docket No. |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | Title 8 USC, Section 1326 - Deported |
| | ) | Alien Found in the United States |
| Santiago NIEBLAS-Cuesta | ) | (Felony) |
| | ) | |
| Defendant, | ) | |

The undersigned complainant, being duly sworn, states:

On or about June 27, 2008, within the Southern District of California, Defendant Santiago NIEBLAS-Cuesta, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 29th DAY OF AUGUST, 2008.

_____
William McCurine, Jr.
UNITED STATES MAGISTRATE JUDGE

# STATEMENT OF FACTS

The complainant states that the Defendant, Santiago NIEBLAS-Cuesta, came to the complainant's attention pursuant to the complainant's duties with U.S. Immigration and Customs Enforcement. On or about June 27, 2008, agents received a report of alien smuggling activity near Coronado and Saturn in San Diego, California. Agents proceeded to that area and observed what appeared to be illegal aliens getting into a black jeep Cherokee. Agents attempted a vehicle stop but the vehicle failed to yield. Agents engaged in a pursuit ending when the vehicle crashed into a parked car. The driver, NIEBLAS, was observed by agents as the person driving the vehicle. NIEBLAS absconded from the vehicle and was not located. In addition, fingerprints of NIEBLAS were discovered on Compact Disks discovered in the vehicle.

Previously, on June 8, 2008 agents interviewed NIEBLAS at the Chula Vista Border Patrol Station, Chula Vista, California following his apprehension. NIEBLAS admitted to being a citizen of Mexico with no documentation to legally enter or remain in the United States. NIEBLAS stated that he was currently residing at a residence near 36th Street and University Avenue in San Diego, California. On this occasion NIEBLAS was granted Voluntary Return to Mexico.

On July 27, 2008 agents observed NIEBLAS walking out of a liquor store located at 36th Street and University Avenue in San Diego, California.

Records checks revealed that NIEBLAS had been issued an alien file. Complainant reviewed NIEBLAS's alien file. Among the documents from NIEBLAS's alien file were a form I-205 (Warrant of Deportation) upon which is NIEBLAS's inked fingerprint. This form documents NIEBLAS's physical removal from the United States to Mexico through the port at Tecate, California on August 21, 2006. An immigration judge's order of deportation from the United States to Mexico, also dated August 21, 2006, was also observed by the complainant, as was a form I-213 (Record of Deportable Alien) which identifies the Defendant as a citizen and native of Mexico. The complainant additionally reviewed a fingerprint card and photographs from the Defendant's alien file which were taken during processing for deportation.

No records could be found showing that NIEBLAS had applied for or received relief to re-enter the United States.

Based upon the information stated I believe there is Probable Cause to arrest NIEBLAS for violation of Section 8 USC 1326 – Deported Alien found in the United States.